PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00122-NONE |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JONATHAN JAMES RODRIGUEZ, | |
| Defendant. | |

## I.      INTRODUCTION

### A.      Scope of Agreement.

The superseding indictment in this case charges the defendant with violation of 18 U.S.C. § 2252(a)(2) – Receipt and Distribution of Material Involving the Sexual Exploitation of Minors. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

///
///
///
///

PLEA AGREEMENT                                    1

1   **B.     Court Not a Party.**

2        The Court is not a party to this plea agreement.  Sentencing is a matter solely within the

3   discretion of the Court, and the Court may take into consideration any and all facts and circumstances

4   concerning the criminal activities of defendant, including activities which may not have been charged in

5   the superseding indictment.  The Court is under no obligation to accept any recommendations made by

6   the government, and the Court may in its discretion impose any sentence it deems appropriate up to and

7   including the statutory maximum stated in this plea agreement.

8        If the Court should impose any sentence up to the maximum established by the statute, the

9   defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

10   of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

11   defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

12   receive.

13        **II.          DEFENDANT'S OBLIGATIONS**

14   **A.     Guilty Plea.**

15        The defendant will plead guilty to the sole count of the superseding indictment, Receipt and

16   Distribution of Material Involving the Sexual Exploitation of Minors, in violation of Title 18, United

17   States Code, Section 2252(a)(2).  The defendant agrees that he is in fact guilty of these charges and that

18   the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

19        The defendant agrees that this plea agreement will be filed with the Court and become a part of

20   the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

21   plea should the Court not follow the government's sentencing recommendations.

22        The defendant agrees that the statements made by him in signing this Agreement, including the

23   factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

24   the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

25   guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)

26   and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this

27   Agreement generally.

28

PLEA AGREEMENT                                    2

1    **B.    Restitution.**

2        The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of

3    certain offenses.  Defendant agrees that his conduct is governed by the Mandatory Restitution Act

4    pursuant to 18 U.S.C. §§ 3663A and 2259 and agrees to pay the full amount of restitution to all victims

5    affected by this offense, including, but not limited to, the victims covered in the factual basis, victims

6    covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C.

7    § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged from the

8    periods of January 10, 2014, through January 16, 2020.

9        Restitution payments shall be by cashier's or certified check made payable to the Clerk of the

10   Court, and defendant shall make payment of restitution in full within ninety (90) days of the entry of

11   judgment.

12       Defendant agrees that all criminal monetary penalties imposed by the court, including restitution,

13   will be due in full immediately at time of sentencing and subject to immediate enforcement by the

14   government.  Defendant agrees that any payment schedule or plan set by the court is merely a minimum

15   and does not foreclose the United States from collecting all criminal monetary penalties at any time

16   through all available means.

17       Defendant further agrees that he will not seek to discharge any restitution obligation or any part

18   of such obligation in any bankruptcy proceeding.  Defendant shall not sell, encumber, transfer, convey,

19   or otherwise dispose of any of his assets without prior written consent of the United States Attorney,

20   except that the defendant may sell, transfer or convey personal property (including used vehicles and

21   personal items, but not financial instruments, ownership interests in business entities or real property)

22   with an aggregate value of less than $5,000.

23   **C.    Fine.**

24       The parties agree that no fine is appropriate in this case.

25   **D.    Special Assessment.**

26       The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering

27   a check or money order payable to the United States District Court to the United States Probation Office

28   immediately before the sentencing hearing.  The defendant understands that this plea agreement is

PLEA AGREEMENT                          3

1  voidable at the option of the government if he fails to pay the assessment prior to that hearing.

2      **E.**    <u>**JVTA Assessment**</u>

3      The defendant agrees that his conduct is governed by the Justine for Victims of Trafficking Act,

4  which mandates an additional assessment of $5,000 pursuant to the parameters set forth under 18 U.S.C.

5  § 3014. Nonetheless, the defendant reserves the right to dispute the applicability of the $5,000 JVTA

6  assessment to his individual circumstances at the time of sentencing.

7      If ordered, the defendant agrees to pay this assessment in full within ninety (90) days of the entry

8  of judgment

9      **F.**    <u>**Violation of Plea Agreement by Defendant/Withdrawal of Plea.**</u>

10      If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw

11  his plea, this plea agreement is voidable at the option of the government. If the government elects to

12  void the agreement based on the defendant's violation, the government will no longer be bound by its

13  representations to the defendant concerning the limits on criminal prosecution and sentencing as set

14  forth herein. A defendant violates the plea agreement by committing any crime or providing or

15  procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in

16  any litigation or sentencing process in this case, or engages in any post-plea conduct constituting

17  obstruction of justice. Varying from stipulated Guidelines application or agreements under Title 18,

18  United States Code, Section 3553, other than the parties' stipulation set forth on page 9 of this

19  agreement (allowing the parties to argue for a sentencing range from 120-180 months), personally or

20  through counsel, also constitutes a violation of the plea agreement. The government also shall have the

21  right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any

22  counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would

23  otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for

24  any federal criminal violation of which the government has knowledge. The decision to pursue any or

25  all of these options is solely in the discretion of the United States Attorney's Office.

26      By signing this plea agreement, the defendant agrees to waive any objections, motions, and

27  defenses that the defendant might have to the government's decision. Any prosecutions that are not

28  time-barred by the applicable statute of limitations as of the date of this plea agreement may be

PLEA AGREEMENT             4

1 commenced in accordance with this paragraph, notwithstanding the expiration of the statute of
2 limitations between the signing of this plea agreement and the commencement of any such prosecutions.
3 The defendant agrees not to raise any objections based on the passage of time with respect to such
4 counts including, but not limited to, any statutes of limitation or any objections based on the Speedy
5 Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as
6 of the date of this plea agreement. The determination of whether the defendant has violated the plea
7 agreement will be under a probable cause standard.

8       In addition, (1) all statements made by the defendant to the government or other designated law
9 enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,
10 whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or
11 administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no
12 claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal
13 Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by
14 the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.
15 By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

16      **G.    Forfeiture.**

17      The defendant agrees to forfeit to the United States voluntarily and immediately all of his right
18 title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a). Those assets
19 include, but are not limited to, the following:

20           1.    Toshiba Satellite Laptop, Model Number P755-S5390, seized from defendant by
21 law enforcement on January 16, 2020;

22           2.    Black Dell Notebook, Serial Number BCM94312HMG, seized from defendant by
23 law enforcement on January 16, 2020; and

24           3.    Any additional thumb drives, SD cards, compact discs, cell phones, hard drives,
25 or other electronic storage devices containing visual depictions of minors engaged in sexually explicit
26 conduct and seized from the defendant by law enforcement on or about January 16, 2020.

27      The defendant agrees that the listed assets constitute property which contain visual depictions
28 produced, transported, mailed, shipped, or received in violation of 18 U.S.C. § 2252(a)(2) or was used or

1   intended to be used to commit or to promote the commission of a violation of 18 U.S.C. § 2252(a)(2), or

2   to any property traceable to such property.

3         The defendant agrees to fully assist the government in the forfeiture of the listed assets and to

4   take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell,

5   transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed

6   assets.

7         The defendant agrees not to file a claim to any of the listed property in any civil proceeding,

8   administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of

9   any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a

10  claim in that forfeiture proceeding.

11        The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

12  assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses

13  to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense,

14  and agrees to waive any claim or defense under the Eighth Amendment to the United States

15  Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,

16  the State of California or its subdivisions.

17        The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

18  defenses or defects that may pertain to the forfeiture.

19        **H.   Asset Disclosure.**

20        The defendant agrees to make a full and complete disclosure of his assets and financial

21  condition, and will complete the United States Attorney's Office's "Authorization to Release

22  Information" and "Financial Affidavit" within three (3) weeks from the entry of the defendant's change

23  of plea, including supporting documentation. The defendant also agrees to have the Court enter an order

24  to that effect. The defendant understands that if he fails to complete truthfully and provide the described

25  documentation to the United States Attorney's office within the allotted time, he will be considered in

26  violation of the agreement, and the government shall be entitled to the remedies set forth in section II.F,

27  above.

28  ///

PLEA AGREEMENT                                6

1    Defendant expressly authorizes the United States Attorney's Office to immediately obtain a

2  credit report on the defendant in order to evaluate his ability to satisfy any financial obligation imposed

3  by the Court.

4              **III.      THE GOVERNMENT'S OBLIGATIONS**

5       **A.    Recommendations.**

6              1.      Incarceration Range.

7       The government will recommend that the defendant be sentenced to a term of

8  imprisonment of no more than 180 months.

9              2.      Acceptance of Responsibility.

10      The government will recommend a two-level reduction (if the offense level is less than

11  16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if

12  the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G.

13  § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation

14  of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise

15  engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either

16  in the preparation of the pre-sentence report or during the sentencing proceeding.

17      **B.    Use of Information for Sentencing.**

18      The government is free to provide full and accurate information to the Court and Probation,

19  including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate

20  statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also

21  understands and agrees that nothing in this Plea Agreement bars the government from defending on

22  appeal or collateral review any sentence that the Court may impose.

23              **IV.      ELEMENTS OF THE OFFENSE**

24      At a trial, the government would have to prove beyond a reasonable doubt the following

25  elements of the offense to which the defendant is pleading guilty, Receipt and Distribution of Child

26  Pornography, in violation of Title 18, United States Code, Section 2252(a)(2):

27

28

PLEA AGREEMENT                     7

1.      The defendant knowingly received or distributed a visual depiction of sexually explicit conduct;

2.      It was a visual depiction of a minor, and the production involved the use of a minor engaging in sexually explicit conduct;

3.      The visual depiction was shipped/transported/mailed in interstate or foreign commerce by any means, including a computer; and

4.      The defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

The defendant fully understands the nature and elements of the crimes charged in the superseding indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.      MAXIMUM SENTENCE

### A.      Maximum Penalty.

The maximum sentence that the Court can impose is 20 years of incarceration, a fine of $250,000, a lifetime period of supervised release and a special assessment of $100.  There is a mandatory minimum sentence of 5 years of imprisonment and a 5-year period of supervised release.  By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.      Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 5 additional years imprisonment.

## VI.      SENTENCING DETERMINATION

### A.      Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the

PLEA AGREEMENT                                        8

1  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

2  Sentencing Guidelines and must take them into account when determining a final sentence.  The

3  defendant further understands that the Court will consider whether there is a basis for departure from the

4  guideline sentencing range (either above or below the guideline sentencing range) because there exists

5  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

6  consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

7  understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

8  impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

9  **B.   Stipulations Affecting Guideline Calculation:**

10      The government and the defendant agree that there is no material dispute as to the following

11  sentencing guidelines variables and therefore stipulate to the following:

12          1.      Base Offense Level:  22 (U.S.S.G. § 2G2.2(a)(2))

13          2.      Specific Offense Characteristics:  +5 (distribution, U.S.S.G. § 2G2.2(b)(3)(C));
                +4 (sexual abuse of infant or toddler, U.S.S.G. § 2G2.2(b)(4)(B)); +5 (600+ images,
14              U.S.S.G. § 2G2.2(b)(7)(D))

15          3.      Adjusted Offense Level:  36

16          4.      Acceptance of Responsibility:  See paragraph III.B.2 above

17          5.      Criminal History:  The parties estimate, but do not stipulate, that the defendant's
                criminal history category will be I.
18
19          6.      Departures:  None

            7.      Sentencing Range: 135-168 months; **60 months is mandatory minimum** (The
20              defendant understands that if the criminal history category differs from the parties'
                estimate, his Guidelines sentencing range may differ from that set forth here.)
21
            8.      Departures or Other Enhancements or Reductions:
22
                The defendant acknowledges that the government is free to argue for application
23
    of a two-level increase for use of a computer (U.S.S.G. § 2G2.2(b)(6)).
24
                The defendant is free to recommend to the Court whatever sentence he believes is
25
    appropriate under 18 U.S.C. § 3553(a) as long as he does not recommend a sentence below 120 months'
26
    imprisonment.  The government will recommend that the defendant be sentenced to a term of
27
    imprisonment of no more than 180 months.
28

PLEA AGREEMENT                                  9

1                             **VII.**       **WAIVERS**

2         **A.**       **Waiver of Constitutional Rights.**

3            The defendant understands that by pleading guilty he is waiving the following constitutional

4 rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

5 be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative

6 defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of

7 conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to

8 testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

9 compelled to incriminate himself.

10         **B.**       **Waiver of Appeal and Collateral Attack.**

11            The defendant understands that the law gives the defendant a right to appeal his guilty plea,

12 conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to

13 appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

14 exceed the statutory maximum for the offense to which he is pleading guilty. The defendant

15 understands that this waiver includes, but is not limited to, any and all constitutional and/or legal

16 challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which

17 defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts

18 attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant

19 specifically gives up the right to appeal any order of restitution the Court may impose.

20            Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

21 one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

22 statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant

23 understands that these circumstances occur infrequently and that in almost all cases this Agreement

24 constitutes a complete waiver of all appellate rights.

25            In addition, regardless of the sentence the defendant receives, the defendant also gives up any

26 right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

27 aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

28            Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever

1  attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any

2  of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.F

3  herein.

4       **C.**    <u>**Waiver of Attorneys' Fees and Costs.**</u>

5       The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

6  119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

7  investigation and prosecution of all charges in the above-captioned matter and of any related allegations

8  (including without limitation any charges to be dismissed pursuant to this plea agreement and any

9  charges previously dismissed).

10      **D.**    <u>**Sex Offender Registration.**</u>

11      Defendant understands that by pleading guilty, defendant will be required to register as a sex

12 offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C.

13 § 3583(d). Defendant also understands that independent of supervised release, he will be subject to

14 federal and state sex offender registration requirements, and that those requirements may apply

15 throughout his life. The defendant understands that he shall keep his registration current, shall notify the

16 state sex offender registration agency or agencies of any changes to defendant's name, place of

17 residence, employment, or student status, or other relevant information. Defendant shall comply with

18 requirements to periodically verify in person his sex offender registration information. Defendant

19 understands that he will be subject to possible federal and state penalties for failure to comply with any

20 such sex offender registration requirements. If he resides in California following release from prison, he

21 will be subject to the registration requirements of California Penal Code Section 290. Defendant further

22 understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies

23 upon his release from confinement following conviction. As a condition of supervised release,

24 defendant shall initially register with the state sex offender registration in California, and shall also

25 register with the state sex offender registration agency in any state where defendant resides, is

26 employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with

27 all requirements of federal and state sex offender registration laws, including the requirement to update

28 his registration information. Defendant shall provide proof of registration to the Probation Officer

1 within 72 hours of release from imprisonment.

2            **VIII.**    **ENTIRE PLEA AGREEMENT**

3          Other than this plea agreement, no agreement, understanding, promise, or condition between the

4 government and the defendant exists, nor will such agreement, understanding, promise, or condition

5 exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

6 counsel for the United States.

7            **IX.**    **APPROVALS AND SIGNATURES**

8     **A.**    **Defense Counsel.**

9          I have read this plea agreement and have discussed it fully with my client.  The plea agreement

10 accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

11 plead guilty as set forth in this plea agreement.

12 Dated:    8 - 17 -'22

13                                 HARRY M. DRANDELL
14                                 Attorney for Defendant

15

16     **B.**    **Defendant:**

17          I have read this plea agreement and carefully reviewed every part of it with my attorney.  I

18 understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully

19 understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

20 case.  No other promises or inducements have been made to me, other than those contained in this plea

21 agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

22 Finally, I am satisfied with the representation of my attorney in this case.

23 Dated:  8 - 17 - 22

24                                 JONATHAN JAMES RODRIGUEZ
25                                 Defendant

26

27

28

1

**C.**     **Attorney for United States:**

2

I accept and agree to this plea agreement on behalf of the government.

3

Dated: 8-19-22                                    PHILLIP A. TALBERT
                                                  United States Attorney

4

5

_____

6

BRIAN W. ENOS
Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                                          13

1

EXHIBIT "A"

2

Factual Basis for Plea

3      If this case went to trial, the United States would establish the following facts beyond a

4  reasonable doubt:

5      Defendant Jonathan James Rodriguez, from on or about January 10, 2014, and continuing

6  through on or about January 16, 2020, in the County of Tuolumne, within the State and Eastern District

7  of California and elsewhere, did knowingly receive or distribute one or more matters which contained

8  any visual depiction of a minor engaged in sexually explicit conduct as defined in Title 18, United States

9  Code, Section 2256, and was of such conduct, and had been produced using materials which had been

10  mailed, shipped, or transported in interstate or foreign commerce.  Specifically, the defendant received

11  onto and distributed using a Toshiba Satellite Laptop, Model Number P755-S5390, which was

12  manufactured in China and therefore traveled in foreign commerce, at least one image file which

13  contained a visual depiction, the producing of which involved the use of a minor engaged in sexually

14  explicit conduct and was of such conduct, and which had traveled in interstate commerce, all in violation

15  of Title 18, United States Code, Section 2252(a)(2).  Including video and image files, defendant received

16  or distributed over 600 images, including depictions of sexual abuse of minors and/or toddlers.  He also

17  distributed at least two images of a minor engaged in sexually explicit conduct via the Discord

18  application to an individual whom he knew or should have known to be a minor.

19

20  Dated:  8-17-22

21                                                JONATHAN JAMES RODRIGUEZ
                                                 Defendant

22

23

24

25

26

27

28

PLEA AGREEMENT                                    A-1