**HARRY M. DRANDELL #109293**
**LAW OFFICES OF HARRY M. DRANDELL**
1060 FULTON STREET, SUITE 701
FRESNO, CA 93721
PHONE (559) 442-1041
FAX (559) 442-8891

ATTORNEYS FOR   Defendant, Jonathan Rodriguez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.:  1:20-CR-00122 JLT |
| Plaintiff, ) | FORMAL OBJECTIONS TO PRESENTENCE REPORT |
| vs. ) | |
| JONATHAN RODRIGUEZ, ) | Date: February 27, 2023 |
| Defendant. ) | Time: 10:00 a.m. |
| ) | HON. JENNIFER THURSTON |
| ) | Dept: 4 |

TO PHILIP TALBERT, UNITED STATES ATTORNEY, BRIAN ENOS, ASSISTANT UNITED STATES ATTORNEY, AND JESSE MORA, U.S. PROBATION:

Much of the information conveyed in the Presentence Investigation Report is essentially accurate, except for several issues of concern and importance.

**The Applicability of 3A1.1(b)(1); Vulnerable Victim**

We object to the probation officer's recommendation that an enhancement pursuant to 3A1.1(b) applies. The report states "the offense involved possession of material which depicted a vulnerable victim in that the victim was an infant and he did not have the ability to verbally communicate to report the sexual abuse to which he had been subjected" (paragraph 34). However, as noted in the plea agreement, Mr. Rodriguez admitted that specific offense characteristic 2G2.2(b)(4)(B) applies, and Amendment 801 specifically states that "if subsection (b)(4)(B) applies, *do not apply sec.3A1.1(b)*" (emphasis added). Application Note 2 of 3A1.1, states, "do not apply subsection (b) if the factor that makes the person a vulnerable victim is incorporated in the offense

guideline", and Application Note 4 of 2G2.2 states "if subsection (b)(4)(B) applies, do not apply sec.3A1.1(b)". Accordingly, Amendment 801 makes clear this enhancement is not to be applied in cases such as this.

**The Applicability of 2G2.2(b)(6); Use of a Computer**

We object to the probation officer's recommendation that an enhancement pursuant to 2G2.2(b)(6) applies. Certainly, it is easy to say "a computer was used, so apply 2G2.2(b)(6)", however, we believe the application of +2 levels pursuant to 2G2.2(b)(6) unwarranted here, as the enhancement fails to meaningfully distinguish Mr. Rodriguez from other similarly situated defendants, does not advance the goals of sentencing, and results in an unwarranted sentencing disparity.

By way of history, in 1995, when Congress directed the Sentencing Commission to add a two-level enhancement for those individuals who used a computer to acquire child pornography, the Commission expressed concern that application of the two-level enhancement "across the board" would "fail[] to distinguish serious commercial distributors from more run-of-the-mill users". *U.S. v. Henderson*, 649 F.3d 955 at 961 (9th Cir. 2011). That concern is even more relevant today, when 95% of offenders sentenced under USSG sec 2G2.2 receive an enhancement for using a computer. USSC, *Use of Guidelines and Specific Offense Characteristics: Fiscal Year 2016,* at 47; https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/2016/Use_of_SOC_Guideline_Based.pdf.

Congress's reasoning may have been sound *at that time,* as offenders in 1995 would also possess child pornography in a printed format, and Congress wanted to punish use of a computer in an attempt to decrease the "pool of images available". *U.S. v. Diaz,* 720 F. Supp. 2d 1039 at 1042. (E.D. Wis. 2010). However, such is not the case today, where it is difficult to imagine how a person might receive and distribute child pornography without the aid of a computer.

It is pursuant to this reality, that Mr. Rodriguez believes this two-level enhancement is no longer appropriate or relevant, and is outdated to a time when physical materials could be actually possessed without the use of a computer, in stark contrast to today where "use of a computer" to

2

possess these materials is ubiquitous.

Because this enhancement does not distinguish between the least and worst offenders but, rather, describes nearly all offenders, this Court should reject it. See *US v. Abraham*, 944 F. Supp. 2d 723, at 731 (D. Neb. 2013);  "Computer use is now so widespread that this enhancement 'is a little like penalizing speeding, but then adding an extra penalty if a car is involved'". (quoting *U.S. v. Kelly,* 868 F. Supp. 2d1202, 1209 (D.N.M. 2012)).

Note; As for using a computer to engage in a dialogue on the Discord App, we would point out that this conduct is being separately punished with a **5 level** enhancement pursuant to 2G2.2(b)(3)(C).

**The Applicability of 2G2.2(b)(2); prepubescent minor**

Pursuant to the Plea Agreement, the parties have agreed that this 2 level enhancement would not apply, because, in this case, it is in conflict with the application of 2G2.2(b)(4)(B), as the parties believe it would be considered an impermissible "double counting".

Note is made that two 2014 Ninth Circuit cases (to wit., *U.S. v. Kiefer,* 760 F. 33 926 (9th Cir. 2014), and *U.S. v. Hechler*, 588 Fed. Appx. 603 (9th Cir. 2014)) state otherwise.  However, defendant would point out that these cases *precede* the enactment of the "toddlers or infants" element of 2G2.2 (b)(4)(B), without any cases *post* enactment.  Therefore, we beleive the Court should honor the agreement between the parties.

**Recommendation for restitution for Victims of $149,816.27**

As to "Victim Impact", in paragraphs 22 and 23, the probation officer is recommending that restitution in the amount of $149,816.27 be ordered.

Under 18 USC Sec 2259, "the government must prove by a preponderance of the evidence that [the defendant's] offenses proximately caused the losses incurred by" the victim. *United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011). "[W]here it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should

1  order restitution in an amount that comports with the defendant's relative role in the causal process
2  that underlies the victim's general losses." *Paroline v. United States*, 572 U.S. 434, 458, 134 S. Ct.
3  1710,  (2014). The prosecution has the burden of demonstrating the amount of the loss and
4  proximate cause. When calculating the amount of restitution imposed upon a defendant, "the losses,
5  including ongoing losses, caused by the original abuse of the victim should be disaggregated from
6  the losses caused by the ongoing distribution and possession of images of that original abuse, to the
7  extent possible." *United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015).

8      Accordingly, the defense believes an appropriate restitution amount can only be determined
9  after the government has been able to make the requisite causal showing, and the defendat is not
10 opposed to a separate restitution hearing within 90 days as provided by 18 USC sec. 3661(d)(5).

11 **Recommendation for Supervised Release of 15 years**.

12     Mr. Rodriguez believes a term of supervised release of 10 years is of sufficient length to
13 satisfy the requirements of 3583(c) based on the history and characteristics of the defendant. This
14 significant length of supervision will protect the public, deter the defendant from criminal conduct,
15 and provide needed rehabilitation. In support of this request, Mr. Rodriguez wishes to note that his
16 performance on Pretrial Release has been flawless since his release on August 6, 2020, some two
17 and ½ years ago.

18 **The Applicability of "3553(a) Factors**

19     Though Defendant is not surprised that the probation officer has identified "the following
20 factors that may warrant a sentence outside the advisory guideline system", to wit;

21     The defendant's reported sexual abuse by an older cousin during his childhood. The
22 defendant also has a lengthy employment history, no prior criminal history, and a college education, including various vocational trainings and certificates. The defendant also has a long history of service to his community, which includes various trainings, and
23 accomplishments in his search and rescue work with the Tuolumne County Fire Department and Tuolumne County Sheriff's Office. (Paragraph 109).
24

25     He is surprised that the probation officer finds that none of these "3553(a) factors would
26 justify the imposition of a sentence outside the Guideline range". (Paragraphs 105, 110).

27

28

4

In looking at probation's enumerated "3553(a) factors", paragraph 67 lists the many accomplishments Mr. Rodriguez has achieved in his Public Safety Career that has spanned the past (almost) 20 years. Those certificates and credentials represent enumerable hours of study. And, once having completed these courses, Mr. Rodriguez used the skills learned in his field of "emergency service", starting as an EMT, in rescuing countless individuals from harm's way and even death in his community of Tuolumne County. His efforts have been recognized and rewarded by his peers and employers. He was named the "Volunteer Rescuer of the Year" in 2011 for the Tuolumne County Sheriff's Search & Rescue Team; the Volunteer Firefighter of the Year in 2019 with the Tuolumne Fire District, the Outstanding Citizen Award in 2014 for the Tuolumne County Sheriff's Office, and a California Governor's Office of Emergency Services Commendation in 2013.

We believe probation is being unnecessarily dismissive of these notable life accomplishments in claiming "the probation officer has not identified any factors that would warrant a departure from the applicable guideline range" (para 105), and that "the probation officer has not identified any factors that would warrant a sentence outside the advisory guideline system" (para 110). Certainly, the facts of the case can not be ignored, and must be punished, but surely a lifetime of positive efforts and significant achievements must account for something and some consideration for leniency.

We submit that rarely does one with no record and such significant community accomplishments come before the court facing such a substantial sentence. But we readily recognize it is the nature of the beast, where "based solely on sentencing enhancements that are all but inherent to the crime of conviction", "an ordinary first time offender is therefore likely to qualify for a sentence of at least 168 to 210 months, rapidly approaching the statutory maximum". *U.S. v. Dorvee*, 616 F.3d 174 at 186 (2nd Cir. 2010). Such is the case here.

Because USSG section 2G2.2 fails to adequately distinguish between the least and worst offender - resulting in recommended sentences near, or at, the statutory maximum, without adequately taking into account the personal history and characteristics of the defendant - this court

5

must consider what enhancements to apply and how many levels to apply for each enhancement in determining what is an appropriate sentence in this case.

**Conclusion**

With these corrections and additions, the report will reflect more accurately the circumstances surrounding the defendant, and the intent of the parties as reflected in the Plea Agreement which calls for a Total Offense Level of 33 - with a corresponding guidelines range of "135 - 168" months - for the defense, and a Total Offense Level of 35 (if the Court were to find applicable a 2 level enhancement for "use of a computer" pursuant to 2G2.2(b)(6)), - with a corresponding guidelines range of "168 - 210"- for the government, with the ability of the parties to argue for a sentence within a "120 months to 180 months" range. Plea Agreement, page 9, Stipulations Affecting Guideline Calculations.

Given the many mitigating circumstances and characteristics unique to Mr. Rodriguez, we believe these "3553(a)" factors make this a case "outside the "heartland", which warrants a sentence outside the applicable guidelines range, which the defendant submits is "135 - 168 months" (i.e., Level 33). And, in the event the Court is inclined to impose a 2 level enhancement for "use of a computer", the defendant would ask that the court "vary" downwards 2 levels for the argument stated above.

In either case, because this case is "atypical" for the various reasons noted above, we believe a guideline departure to 120 months is appropriate.

Dated: February 13, 2023                    Respectfully submitted,


/s/ Harry M. Drandell
HARRY M. DRANDELL
Attorney for Defendant
JONATHAN RODRIGUEZ